**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Miguel Urbina Palacios, on behalf of himself and all other persons similarly situated,   Plaintiff,   - vs. –   Alifine Dining Inc. d/b/a Nanking, Omsai Foods Inc. d/b/a Nanking, Tulip NYC Inc. d/b/a Nanking, Akbarali Himani, Harkesh Yadav, and John Does #1-10,   Defendants. | DOCKET NO. 19-cv-6930   **COMPLAINT** |

Plaintiff Miguel Urbina Palacios, by and through his undersigned attorneys, for his complaint against defendants Alifine Dining Inc. d/b/a Nanking, Omsai Foods Inc. d/b/a Nanking, Tulip NYC Inc. d/b/a Nanking, Akbarali Himani, Harkesh Yadav, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiff Miguel Urbina Palacios alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Alifine Dining Inc. d/b/a Nanking, Omsai Foods Inc. d/b/a Nanking, Tulip NYC Inc. d/b/a Nanking, Akbarali Himani, Harkesh Yadav, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Urbina Palacios further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements

2

of New York Labor Law, (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Mr. Urbina Palacios is an adult individual residing in Westbury, New York.

4.   Mr. Urbina Palacios consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Alifine Dining Inc. d/b/a Nanking is a New York corporation with a principal place of business at 2056 Hillside Ave., New Hyde Park, New York.

6.   Upon information and belief, defendant Omsai Foods Inc. d/b/a Nanking, is a New York corporation with a principal place of business at 134-07 Rockaway Boulevard, South Ozone Park, New York.

7.   Upon information and belief, defendant Tulip NYC Inc. d/b/a Nanking is a New York corporation with a principal place of business at 598 Broadhollow Road, Melville, New York.

8.   At all relevant times, defendants Alifine Dining Inc., Omsai Foods Inc., and Tulip NYC Inc. (collectively, the

"Nanking defendants") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

9.   Upon information and belief, at all relevant times, the Nanking defendants, individually and collectively, have had gross annual revenues in excess of $500,000.00.

10.   Upon information and belief, at all relevant times herein, the Nanking defendants have each used goods and materials produced in interstate commerce, and have each employed at least two individuals who handled such goods and materials.

11.   At all relevant times, the Nanking defendants shared common ownership and management, common personnel, common menus, common marketing, and operated for a common business purpose.

12.   Upon information and belief, at all relevant times, the Nanking defendants have constituted a single "enterprise" as defined in the FLSA.

13.   Upon information and belief, at all relevant times, the Nanking defendants constituted "joint employers" within the meaning of the FLSA and New York Labor Law.

14.   Upon information and belief, defendant Akbarali Himani is an owner or part owner and principal of the Nanking

defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15.  Defendant Akbarali Himani was involved in the day-to-day operations of the Nanking defendants and played an active role in managing the businesses.

16.  Upon information and belief, defendant Harkesh Yadav is an owner or part owner and principal of the Nanking defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17.  Defendant Harkesh Yadav was involved in the day-to-day operations of the Nanking defendants and played an active role in managing the businesses.

18.  Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Nanking defendants, whose identities are unknown at this time, who participated in the day-to-day operations of the Nanking defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

19.  Defendants constituted "employers" of Mr. Urbina Palacios as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

20.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Urbina Palacios's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Urbina Palacios's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

21.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' businesses are located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

22.  Pursuant to 29 U.S.C. § 206 and § 207, Mr. Urbina Palacios seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since October 10, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

23.  Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Mr. Urbina Palacios seeks to prosecute his New York

Labor Law claims on behalf of himself and a class (or appropriate subclasses) defined as follows:

> All persons who are or were employed by defendants in the United States at any time since October 10, 2013, to the entry of judgment in this case (the "Class Period"), who were non-exempt restaurant employees, and who were not properly paid statutory minimum wages and/or overtime compensation, who were not paid "spread of hours" premiums, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

24.  Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

25.  Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

26.  Mr. Urbina Palacios will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

27.   Mr.  Urbina  Palacios's  claims  are  typical  of  the claims  of  the  putative  Class  and  Collective  Action  Members, and  Mr.  Urbina  Palacios  has  no  interests  that  are  contrary to,  or  in  conflict  with,  those  of  the  putative  members  of this  class  action  or  collective  action.

28.   Furthermore,  inasmuch  as  the  damages  suffered  by individual  putative  Class  Members  and  Collective  Action Members  may  be  relatively  small,  the  expense  and  burden  of individual  litigation  make  it  virtually  impossible  for  the members  of  the  putative  class  and  collective  actions  to individually  seek  redress  for  the  wrongs  done  to  them.

29.   Questions  of  law  and  fact  common  to  the  members  of the  putative  class  and  collective  actions  predominate  over questions  that  may  affect  only  individual  members  because defendants  have  acted  on  grounds  generally  applicable  to  all members.

30.   Among  the  common  questions  of  law  and  fact  under the  FLSA  and  New  York  wage  and  hour  laws  common  to  Mr.  Urbina Palacios  and  other  putative  Class/Collective  Action  Members are  the  following:

   a.   Whether  defendants  failed  and/or  refused  to  pay Mr.  Urbina  Palacios  and  the  Collective  Action Members  at  a  rate  at  least  equal  to  the  statutory

minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

b. Whether defendants failed and/or refused to pay Mr. Urbina Palacios and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

c. Whether defendants failed and/or refused to pay Mr. Urbina Palacios and the putative Class Members at a rate at least equal to the statutory minimum wage, in violation of New York wage and hour laws and the regulations promulgated thereunder;

d. Whether defendants failed and/or refused to pay Mr. Urbina Palacios and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

e. Whether defendants failed and/or refused to pay Mr. Urbina Palacios and the putative Class Members "spread of hours" bonuses on days when they worked shifts lasting in excess of ten hours from start to finish, in violation of New York wage and hour laws and the regulations promulgated thereunder;

f.  Whether defendants failed and/or refused to provide Mr. Urbina Palacios and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

g.  Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

h.  Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

31.  Mr. Urbina Palacios knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

32.  The Collective Action Members are similarly situated to Mr. Urbina Palacios in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

33.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

34.   Mr. Urbina Palacios and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

35.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

36.   At all relevant times herein, defendants owned and operated Asian fusion restaurants in New York and New Jersey under the name Nanking, including ones in Nassau County located in Melville, New Hyde Park, and South Ozone Park.

37.   Mr. Urbina Palacios was employed by the Nanking defendants at the New Hyde Park restaurant from approximately 2008 through May 2017.

38.   During the time Mr. Urbina Palacios was employed at the New Hyde Park location, he was occasionally assigned by defendants to also work at the South Ozone Park location, and during the 2014-2015 time period, he was assigned to work there at least once a month on his day off from New Hyde Park.

39.   Mr. Urbina Palacios quit in 2017, but was rehired by defendants to work at their Melville location from approximately October 2018 through July 2019.

40.   Mr. Urbina Palacios was primarily employed as a food runner and porter, although at the South Ozone Park location he was employed as a dishwasher.

41.   Mr. Urbina Palacios's work was performed in the normal course of defendants' businesses and was integrated into the businesses of defendants, and did not involve executive or administrative responsibilities.

42.   At all relevant times herein, Mr. Urbina Palacios was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

43.   During the time Mr. Urbina Palacios was working at the New Hyde Park restaurant, he worked a regular schedule of six 14½-hour days, for a total of roughly 87 hours per week each week.

44.   However, when Mr. Urbina Palacios worked at the South Ozone Park restaurant on his off day, he would work a 13-hour day, for a total of 100 hours in those weeks.

45.   When Mr. Urbina Palacios worked at the Melville store, he worked a regular schedule of six 13-hour days, for a total of 78 hours per week each week.

46.   Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

47.   Mr. Urbina Palacios was paid a fixed weekly salary of $300 per week for his work at the New Hyde Park restaurant. When he also worked at the South Ozone Park restaurant, defendants would give him an extra $80.

48.   After Mr. Urbina Palacios left and returned to work at the Melville location in 2018, he received a raise to $320 per week.

49.   The amount of pay that Mr. Urbina Palacios received did not vary based on the precise number of hours that he worked in a day, week, or month, although he did receive extra pay when he worked an extra day at the South Ozone Park location.

50.   As a result, Mr. Urbina Palacios's effective rate of pay was always below the statutory federal and New York minimum wages in effect at relevant times.

51.   In addition to his pay, Mr. Urbina Palacios generally received tips for his work, although not when he was working as a dishwasher.

52.   However, defendants never provided Mr. Urbina Palacios with any notices or information regarding the "tip

credit" and had no agreement in place with him regarding a tip credit.

53. Upon information and belief, defendants did not keep accurate records of the tips received by Mr. Urbina Palacios.

54. Defendants' failure to pay Mr. Urbina Palacios amounts at least equal to the federal or New York state minimum wages in effect during relevant time periods was willful, and lacked a good faith basis.

55. Mr. Urbina Palacios was paid in cash during his first stint of employment with defendants, and he received no paystubs or wage statements with his pay.

56. When Mr. Urbina Palacios came back to work for defendants in 2018, he was paid by check.

57. However, the checks always listed him as working 40 hours, regardless of his actual hours worked.

58. In addition, defendants failed to pay Mr. Urbina Palacios any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

59. Defendants' failure to pay Mr. Urbina Palacios the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

60.   Mr. Urbina Palacios worked six or seven shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

61.   Defendants failed to provide Mr. Urbina Palacios with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

62.   Defendants failed to provide Mr. Urbina Palacios with compliant weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

63.   Upon information and belief, throughout the period of Mr. Urbina Palacios's employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like Mr. Urbina Palacios (the Class and Collective Action Members) in positions at defendants' restaurants that required little skill, no capital

investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

64. Defendants applied the same employment policies, practices, and procedures to all Class and Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

65. Upon information and belief, defendants have failed to pay these other individuals at rates at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

66. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

67. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

68. Upon information and belief, these other individuals were not provided with required wage notices or compliant weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

69.  Defendants' policy of paying Mr. Urbina Palacios on a weekly basis rather than on an hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

70.  Upon information and belief, while defendants employed Mr. Urbina Palacios and the Class and Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

71.  Upon information and belief, while defendants employed Mr. Urbina Palacios and the Class and Collective Action members, and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

72.  Mr. Urbina Palacios, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73.  At all relevant times, defendants employed Mr. Urbina Palacios and the Collective Action Members within the meaning of the FLSA.

74. Defendants failed to pay a salary greater than the minimum wage to Mr. Urbina Palacios and the Collective Action Members for all hours worked.

75. As a result of defendants' willful failure to compensate Mr. Urbina Palacios and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

76. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

77. Due to defendants' FLSA violations, Mr. Urbina Palacios and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law — Minimum Wage)

78. Mr. Urbina Palacios, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by

reference the foregoing allegations as if set forth fully and again herein.

79.  At all relevant times, Mr. Urbina Palacios and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80.  Defendants willfully violated the rights of Mr. Urbina Palacios and the members of the Class by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

81.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

82.  Due to defendants' New York Labor Law violations, Mr. Urbina Palacios and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

83.  Mr. Urbina Palacios, on behalf of himself and all Collective Action Members, repeats, realleges, and

incorporates by reference the foregoing allegations as if set forth fully and again herein.

84.   At all relevant times, defendants employed Mr. Urbina Palacios and each of the Collective Action Members within the meaning of the FLSA.

85.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

86.   As a result of defendants' willful failure to compensate their employees, including Mr. Urbina Palacios and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

87.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

88.   Due to defendants' FLSA violations, Mr. Urbina Palacios and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and

costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

89.  Mr. Urbina Palacios, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

90.  At all relevant times, Mr. Urbina Palacios and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

91.  Defendants willfully violated the rights of Mr. Urbina Palacios and the members of the Class by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

92.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

93.  Due to defendants' New York Labor Law violations, Mr. Urbina Palacios and the members of the Class are entitled to recover from defendants their unpaid overtime

compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

94.  Mr. Urbina Palacios, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

95.  At all relevant times, Mr. Urbina Palacios and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

96.  Defendants willfully violated the rights of Mr. Urbina Palacios and the members of the Class by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting longer than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

97.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

98.  Due to defendants' New York Labor Law violations, Mr. Urbina Palacios and the members of the Class are entitled

to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

99. Mr. Urbina Palacios, on behalf of himself and the members of the Class repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

100. At all relevant times, Mr. Urbina Palacios and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

101. Defendants willfully violated the rights of Mr. Urbina Palacios and the members of the Class by failing to provide them with wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

102. Defendants willfully violated the rights of Mr. Urbina Palacios and the members of the Class by failing to provide them with accurate, compliant weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

103. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Urbina Palacios and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

104. Due to defendants' New York Labor Law violations relating to the failure to provide required wage notices, Mr. Urbina Palacios and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Mr. Urbina Palacios respectfully requests that this Court grant the following relief:

    a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Mr. Urbina Palacios and his counsel to represent the Class;

24

b.  Designation of this action as a collective action
on behalf of the Collective Action Members and
prompt issuance of notice pursuant to 29 U.S.C. §
216(b) to all similarly situated members of an
FLSA Opt-In Class, apprising them of the pendency
of this action, permitting them to assert timely
FLSA claims in this action by filing individual
Consents to Sue pursuant to 29 U.S.C. § 216(b),
and appointing Mr. Urbina Palacios and his counsel
to represent the Collective Action members;

c.  A declaratory judgment that the practices
complained of herein are unlawful under the FLSA
and the New York Labor Law;

d.  An injunction against defendants and their
officers, agents, successors, employees,
representatives, and any and all persons acting
in concert with them, as provided by law, from
engaging in each of the unlawful practices,
policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at
the statutory overtime rate, due under the FLSA
and the New York Labor Law;

f.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

i.  Liquidated damages for defendants' New York Labor Law violations;

j.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.  Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as this Court deems just and proper.

Dated: October 10, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Nanking Restaurants and their owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Nanking Restaurants y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Miguel Angel Urbina Palacios


Date:  September 20, 2019