**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**MIGUEL URBINA PALACIOS,**
*On behalf of himself and all other persons similarly situated*,

                      **Plaintiffs,**

      -against-

**ALIFINE DINING INC., D/B/A NANKING,**
**OMSAI FOODS INC., D/B/A NANKING,**
**TULIP NYC INC., D/B/A NANKING,**
**AKBARALI HIMANI, HARKESH YADAV**
**and JOHN DOES # 1-10,**

                **Defendants.**
-----------------------------------------------------------X

ECF CASE

19-Civ.-6930(JMA)(SIL)

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION

---

Lee Nuwesra, Esq.
*Attorney for Defendants*
60 East. 42nd Street, Suite 1027
New York, NY 10165
Tel #: (212) 370-8707
lnuwesra@optonline.net

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................3

    I.    The Federal Arbitration Act Requires That Plaintiff's Claims Be Arbitrated ................3

    II.    The Court Should Compel Arbitration And Stay This Case. ........................................4

    III.    The Arbitration Agreement Is Valid And Enforceable. .................................................5

    IV.    The Arbitration Agreement Encompasses Plaintiff's Individual Claims.........................6

    V.    Plaintiff's Class/Collective Action Waiver Is Valid. .....................................................7

CONCLUSION...............................................................................................................................8

**PRELIMINARY STATEMENT**

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§2 - 16 **(The "FAA or Act")**, Defendants **ALIFINE DINING INC., D/B/A NANKING, OMSAI FOODS INC., D/B/A NANKING, TULIP NYC INC., D/B/A NANKING, AKBARALI HIMANI, and HARKESH YADAV, ("Defendants")**, respectfully submit this Memorandum of Law in Support of their Motion to Compel Arbitration of Plaintiff's Individual Claims and to Stay the Proceedings in this Court pending such arbitration.

On 12-10-2019, Plaintiff Palacios filed this lawsuit. Plaintiff brings his Collective Action pursuant to the Fair Labor Standards Act **("FLSA")**, 29 U.S.C. §216(b), alleging entitlement to minimum and overtime pay. Plaintiff also brings similar Class Action, pursuant to the New York Labor Law §650, et seq. **("NYLL") (Please See Complaint, Docket Document No. 1, Paragraphs 1-2).**[1] Amongst others, Plaintiff claims that he was initially employed by Defendants from 2008 to May 2017 **(Doc. No. 1, ¶ 37)**. Plaintiff further claims that he quit in 2017, but was rehired by Defendants from October 2018 through July 2019 **(Doc. No. 1, ¶ 39)**.

As will be more fully addressed below, Plaintiff Palacios, upon his rehire by Defendants in October 2018, signed a Non-Discrimination And Arbitration Statement. Significantly, Plaintiff agreed to submit any Federal and State Labor law Claims to Arbitration, pursuant to the American Arbitration Association Procedures. Moreover, Plaintiff waived his right to join/bring any Class Action, for any claim arising out of his employment with Defendants.

---

[1] **A copy of the Complaint is attached to the annexed Declaration of Defendant Harkesh Yadav, dated 3-9-2021, as Exhibit B.**

In relevant part, the Arbitration Clause states:

> **There shall be no discrimination against any present or future employee of (Tulip NYC Inc., …, any of its Nanking affiliates, Principles** (sic)**, Officers, or Managers), ("Employer"), by reason of race, …, Federal and State Labor Laws, or any other similar laws, rules, or regulations.  All such claims shall be subject to Arbitration, as the sole and exclusive remedy for violations, as a condition of employment or continued employment with Employer.  All Arbitrations shall be brought, pursuant to the procedures of the American Arbitration Association ("AAA"). Arbitrators shall apply appropriate law in rendering decisions based on claims of Discrimination, the Fair Labor Standards Act, The New York State Labor Laws, and the New York City Relevant Laws, Rules and Regulations. Employee further agrees not to join any Class Action, for any claim arising out of his/her employment with Employer.** See Exhibit A.²

Based on the foregoing, Defendants respectfully submit that the instant lawsuit cannot go forward, because Plaintiff expressly agreed to arbitrate the precise claims asserted in his Complaint.  It is now settled law that Claims similar to those of Plaintiff Palacios are subject to Arbitration, under the FAA.  *See Epic Systems Corp. V. Lewis*, 584 US __, 138 S. Ct. 1612 (2018); *See also Sutherland v. Ernst and Young LLP*, 726 F.3d 290 (2d Cir. 2013).  Therefore, Defendants respectfully request a Court Order Compelling the Arbitration of Mr. Palacios' Individual Claims, and Staying this Action, Pending Arbitration.

---

² A copy of the non-Discrimination And Arbitration Statement is attached to the annexed Declaration of Defendant Harkesh Yadav, dated 3-9-2021, as Exhibit A.

## ARGUMENT

**I.   The Federal Arbitration Act Requires That Plaintiff's Claims Be Arbitrated**

"The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Under FAA Section 2, a written arbitration agreement **"shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."** 9 U.S.C. § 2. **"The Federal Arbitration Act reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'"** *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). The FAA, and the strong federal policy favoring arbitration that it embodies, requires courts to **"rigorously enforce agreements to arbitrate."** *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

FAA Section 4 provides that: **"[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement."** 9 U.S.C. § 4. Where, as here, a valid arbitration agreement exists that covers the dispute at issue, a district court must compel arbitration of the dispute. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985**) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court")**. Here, Plaintiff agreed to resolve his asserted claims solely and exclusively through the Procedure of the American Arbitration Association **("AAA")**.

3

In relevant part, the Arbitration Clause, at issue, states:

> **There shall be no discrimination against any present or future employee of (Tulip NYC Inc., …, any of its Nanking affiliates, Principles** (sic)**, Officers, or Managers), ("Employer"), by reason of race, …, Federal and State Labor Laws, or any other similar laws, rules, or regulations. All such claims shall be subject to Arbitration, as the sole and exclusive remedy for violations, as a condition of employment or continued employment with Employer. All Arbitrations shall be brought, pursuant to the procedures of the American Arbitration Association ("AAA"). Arbitrators shall apply appropriate law in rendering decisions based on claims of Discrimination, the Fair Labor Standards Act, The New York State Labor Laws, and the New York City Relevant Laws, Rules and Regulations. Employee further agrees not to join any Class Action, for any claim arising out of his/her employment with Employer.**
> Id. Exhibit A.

Therefore, Defendants respectfully request that Plaintiff Palacios should be Compelled to Arbitrate his Individual Claims, and this Action should be Stayed.

## II. The Court Should Compel Arbitration And Stay This Case.

In determining whether a dispute is arbitrable, a court must resolve the following questions: (1) whether there exists a valid agreement to arbitrate; and (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. *See Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75 (2d Cir. 1998). In resolving these questions, **"courts must 'construe arbitration clauses as broadly as possible,' and 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"** *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008) **("The FAA embodies the 'liberal federal policy favoring arbitration agreements' and 'establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'")**. The federal **"presumption of arbitrability"** requires that arbitration be compelled unless it may be said with

4

**"positive assurance"** that the parties' agreement **"is not susceptible of an interpretation that covers … the dispute."** *U.S.W.A. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

It is clear, in the instant matter, that Plaintiff Palacios agreed to arbitrate, and that the dispute sought to be arbitrated by Defendants falls within the scope of the Arbitration Clause. In relevant part, the clause states:

> **There shall be no discrimination against any present or future employee of (Tulip NYC Inc., …, any of its Nanking affiliates, Principles** (sic)**, Officers, or Managers), ("Employer"), by reason of race, …, Federal and State Labor Laws, or any other similar laws, rules, or regulations. All such claims shall be subject to Arbitration, as the sole and exclusive remedy for violations, as a condition of employment or continued employment with Employer. All Arbitrations shall be brought, pursuant to the procedures of the American Arbitration Association ("AAA"). Arbitrators shall apply appropriate law in rendering decisions based on claims of Discrimination, the Fair Labor Standards Act, The New York State Labor Laws, and the New York City Relevant Laws, Rules and Regulations. Employee further agrees not to join any Class Action, for any claim arising out of his/her employment with Employer.**
> Id. Exhibit A.

Therefore, Plaintiff's claims should be submitted to arbitration on his individual claims and this action should be stayed.

**III.    The Arbitration Agreement Is Valid And Enforceable.**

Once the party moving to compel arbitration makes a prima facie showing that an agreement to arbitrate exists, the burden shifts to the party resisting arbitration to show (i) that he did not agree to the arbitration provision, (ii) that the arbitration provision is invalid or unenforceable, or (iii) that the arbitration provision does not encompass his claims. *See Savarese v. J.P. Morgan Chase,* No. 16-cv-321, 2016 WL 7167968, at *3 (E.D.N.Y. Nov. 16, 2016), adopted, 2016 WL 7176601 (E.D.N.Y. Dec. 7, 2016); *Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342 (S.D.N.Y. 2014), *aff'd*, 633 F. App'x 544 (2d Cir. 2015).

5

On a motion to compel arbitration such as this, the court applies a summary judgment standard to those three questions, under which the party resisting arbitration must prove that there is a genuine issue of material fact with regard to at least one of them. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129-30 (2d Cir. 1997); 9 U.S.C. § 4.

Plaintiff cannot meet the burden required to prevent his claims from proceeding in the parties' preselected arbitral forum—because there is no genuine question of fact as to whether Plaintiff bound himself to the Arbitration Agreement. Accordingly, the instant Arbitration Agreement must be enforced because no **"grounds"… exist at law or in equity for the revocation of the contract."** 9 U.S.C. § 2.

### IV. The Arbitration Agreement Encompasses Plaintiff's Individual Claims.

Here, because the Arbitration Agreement was assented to by Plaintiff is valid and enforceable, arbitration should be compelled and the matter stayed. Moreover, Plaintiff's dispute falls within the scope of the Arbitration Agreement. *See Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir.2001). Where, as here, the arbitration clause is broad, there is a **"presumption of arbitrability"**. *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (quoting *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.,* 58 F.3d 16, 23 (2d Cir. 1995)). **"[T]he[FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."** *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 218, 105 S. Ct. 1241 (1985).

Here, the Arbitration Agreement unambiguously requires that Plaintiff's FLSA and NYLL Claims be arbitrated in accordance with the American Arbitration Associations Procedures. **(See annexed Exhibit A)**. On its face, the Arbitration Provision covers all of Plaintiff's claims -

6

because all of Plaintiff's claims are brought pursuant to Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law §§ et seq. Therefore, Plaintiff claims fall within the scope of the Arbitration Agreement.

### V. Plaintiff's Class/Collective Action Waiver Is Valid.

The arbitration agreement that Palacios signed does not permit class arbitration. This is not unconscionable. Under New York law, **a "contractual proscription against class actions… is neither unconscionable not violative of public policy."** *Ranieri v. Bell Atl. Mobile*, 304 A.D.2d 353, 354, 759 N.Y.S. 2d 448, 449 (1st Dep't 2003); *see Bar-Ayal v. Time Warner Cable Inc.*, No. 03 Civ. 9905 (KMW), 2006 WL 2990032, at *16 (S.D.N.Y. Oct. 16, 2006) (Wood, J.) **(rejecting claim that arbitration clause barring class action was unconscionable under New York law)**; *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009) **(rejecting similar argument that arbitration provision which effectively barred class actions was unconscionable under New York law)**.

More recently, the United States Supreme Court put to rest any argument that employees cannot waive their right to Class Action under State Laws, or Collective Action under the FLSA, including in an arbitration setting. *Epic Systems Corp. V. Lewis*, 584 US __, 138 S. Ct. 1612 (2018); *See also Sutherland v. Ernst and Young LLP*, 726 F.3d 290 (2d Cir. 2013). Therefore, Defendants respectfully request a Court Order Compelling the Arbitration of Plaintiff Palacios' Individual Claims, and Staying this Action, Pending Arbitration.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order Compelling Plaintiff to Arbitrate his Individual Claims against Defendants, and Staying the Present Proceedings Pending Arbitration.

Dated: New York, New York
       March 10, 2021　　　　　　　　　　　　　　Respectfully Submitted

　　　　　　　　　　　　　　　　　　　　　　LAW OFFICE OF LEE NUWESRA

　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Lee Nuwesra*
　　　　　　　　　　　　　　　　　　　　　　　　　Lee Nuwesra, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　60 East. 42nd Street, Suite 1027
　　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10165
　　　　　　　　　　　　　　　　　　　　　　　　　Tel #: (212) 370-8707
　　　　　　　　　　　　　　　　　　　　　　　　　Fax#: (212) 370-8708
　　　　　　　　　　　　　　　　　　　　　　　　　lnuwesra@optonline.net