UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MIGUEL URBINA PALACIOS, *on behalf of himself and all other persons similarly situated*,

                                        Plaintiffs,

       -against-

ALIFINE DINING INC., D/B/A NANKING,
OMSAI FOODS INC., D/B/A NANKING,
TULIP NYC INC., D/B/A NANKING,
AKBARALI HIMANI, HARKESH YADAV
AND JOHN DOES # 1-10,

                                     Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
19-CV-6930 (JMA) (SIL)

**Appearances**

David Stein
Stein & Nieporent LLP
1441 Broadway, Suite 6090
New York, NY 10018
    *Attorney for Plaintiff*

Lee Nuwesra
Law Offices of Lee Nuwesra
60 East 42nd Street, Ste 1027
New York, NY 10165
    *Attorney for Defendants*

**AZRACK, United States District Judge:**

       Plaintiff Miguel Urbina Palacios ("Plaintiff") brings this putative class/collective action against defendants Alfine Dining Inc., D/B/A Nanking, Omsai Foods Inc., D/B/A Nanking, Tulip NYC Inc., D/B/A Nanking, Akbarali Himani, Harkesh Yadav, and John Does # 1-10, (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants seek to compel arbitration and stay this action pursuant

1

to the Federal Arbitration Act ("FAA"), and request that the Court issue an order limiting the arbitration to only Plaintiff's individual claims (not any collective or class action claims). (ECF Nos. 18-20.) On January 21, 2022, Plaintiff filed an opposition ("Opp.") and on February 28, 2022, Defendants filed a reply ("Reply"). (ECF Nos. 21, 23.)

For the reasons set forth below, the Court **DENIES** Defendants' motion to compel arbitration and stay this action.

## I. BACKGROUND

Plaintiff alleges that he was initially employed by Defendants from 2008 to May 2017 (ECF No. 1, "Complaint" at ¶ 37.) Plaintiff quit in 2017 but was rehired by Defendants from October 2018 through July 2019. (Id. at ¶ 39.) When Plaintiff was rehired in October 2018, he signed an agreement entitled "Non-Discrimination and Arbitration" (the "Agreement")[1]. He signed an English and a Spanish version of the Agreement. (ECF No. 20, Ex. A.) The Agreement states in full:

NON-DISCRIMINATION AND ARBITRATION

> There shall be no discrimination against any present or future employee of (Tulip NYC Inc 598 Broad Hollow Road, Melville, NY 11747, any of its Nanking affiliates, Principles, Officers, or Managers ), ("Employer"), by reason of race, creed, religion, color, age, disability, national origin, ancestry, sex, veterans' status, alienage or citizenship status, marital status, victim of domestic violence status, victim of sex offenses or stalking status, domestic partner status, military status, atypical hereditary cellular or blood trait or any other genetic information, AIDS and HIV infection, sexual orientation or any other characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights

---

[1] The Court can consider the Agreement because in deciding a motion to compel arbitration, the Court must apply a "standard similar to that applicable for a motion for summary judgment." Bensadoun v. Jobe–Riat, 316 F.3d 171, 175 (2d Cir. 2003). In applying this standard, the Court is required to "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." Chambers v. Time Warner, Inc., 282 F.3d 147, 155 (2d Cir. 2002). Such evidence includes the Agreement. Here, Defendants submitted the Agreement as an attachment to an affidavit from Defendant Yadav. (ECF No. 20.) It shows that Plaintiff signed the Agreement on October 14, 2018. In his pre-motion conference letter, Plaintiff argued he did not sign the Agreement. (ECF No. 13.) However, in his Opposition, Plaintiff states: "although he does not recall signing the Non-Discrimination and Arbitration document proffered by defendants, he has decided, after reviewing the document and the signature line on the bottom, not to challenge its authenticity." (Opp. at 2.)

> Act, the American with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, Federal and State Labor Laws or any other similar laws, rules, or regulations. All such claims shall be subject to Arbitration, as the sole and exclusive remedy for violations, as a condition of employment or continued employment with Employer. All Arbitrations shall be brought, pursuant to the procedures of the American Arbitration Association ("AAA"). Arbitrators shall apply appropriate law in rendering decisions based on claims of Discrimination, the Fair Labor Standards Act, The New York State Labor Laws, and the New York City Relevant Laws, Rules and Regulations. Employee further agrees not to join any Class Action, for any claim arising out of his/her employment with Employer.

(Id.) In the Complaint, Plaintiff alleges minimum wage claims pursuant to the FLSA and NYLL, overtime claims pursuant to the FLSA and NYLL, a spread of hours claim pursuant to the NYLL, and a wage theft prevention act claim pursuant to the NYLL. (Complaint at ¶¶ 72-104.) Plaintiff seeks to bring his FLSA claims as a collective action and NYLL claims as a class action. (Id. at ¶¶ 22-35.)

Defendants argue that Plaintiff's claims fall within the scope of the arbitration clause in the Agreement because "on its face," the clause unambiguously covers Plaintiff's FLSA and NYLL claims. (Motion to Compel at 6-7.) Defendants also argue that the Court should "limit the arbitration to Plaintiff's individual claims only" based on the class action waiver contained in the Agreement which states that "[e]mployee further agrees not to join any Class Action, for any claim arising out of his/her employment with Employer." (Motion to Compel at 7; Reply at 4.)

Plaintiff argues that his claims do not fall within the scope of the Agreement because the language of the Agreement makes clear that it only applies to discrimination claims and none of Plaintiff's claims are discrimination claims. (Opp. at 1-5.) With respect to the class action waiver, Plaintiff argues that it is not procedurally proper to address the waiver at this juncture, and if the Court did address it, the waiver does not apply to collective actions.

3

## II. DISCUSSION

A. <u>Arbitration</u>

   1. <u>Standard under the FAA</u>

The FAA provides that "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." <u>Id.</u> § 4.  The statute "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985).

"Federal policy strongly favors the enforcement of arbitration agreements." <u>Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc.</u>, 369 F.3d 645, 654 (2d Cir. 2004) (citing 9 U.S.C. § 2; <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983)).  However, arbitration is a "'matter of contract,' and therefore 'a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit.'" <u>JLM Indus., Inc. v. Stolt-Nielsen SA</u>, 387 F.3d 163, 171 (2d Cir. 2004) (quoting <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 116 (2d Cir. 2003) (other citations omitted)).

   The Second Circuit has instructed that:

> In order to determine whether all or part of the instant action should be sent to arbitration, the Court must conduct the following inquiries: [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

4

JLM Indus., 387 F.3d at 169 (quoting Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75–76 (2d Cir. 1998)).

Here, only the second prong—the scope of the agreement—is at issue. To determine whether a particular dispute falls within the scope of the arbitration agreement, the Second Circuit has instructed that the court should first classify whether the clause is either "broad" or "narrow." Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001). If the arbitration clause is narrow, "the court must determine whether the dispute is over an issue that 'is on its face within the purview of the clause,' or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause." Id. (quoting Rochdale Vill., Inc. v. Pub. Serv. Emp. Union, 605 F.2d 1290, 1295 (2d Cir. 1979)). "Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview." Id. "[A]lternatively, if the matter being litigated is collateral to an agreement with a broad arbitration clause, the court still needs to discern whether the matter is beyond the purview of that agreement." Ji Dong Cheng v. HSBC Bank USA, N.A., 467 F. Supp. 3d 46, 50 (E.D.N.Y. 2020). But unlike a narrow arbitration clause, "[w]here the arbitration clause is broad, 'there arises a presumption of arbitrability' and arbitration of even a collateral matter will be ordered if the claim alleged 'implicates issues of contract construction or the parties' rights and obligations under it.'" Id. (quoting Louis Dreyfus, 252 F.3d at 224).

2. Application

The parties disagree as to whether Plaintiff's claims with fall within the scope of the arbitration clause in the Agreement. Defendants argue that Plaintiff's FLSA and NYLL claims are covered by the Agreement because the arbitration clause at issue here is broad and therefore, there is a "presumption of arbitrability." Defendants state in a conclusory fashion that "the Arbitration

5

Agreement unambiguously requires that Plaintiff's FLSA and NYLL Claims be arbitrated in accordance with the American Arbitration Associations Procedures." (Motion to Compel at 5-6.) Defendants also point to the line in the Agreement that states "Arbitrators shall apply appropriate law in rendering decisions based on claims of Discrimination, the Fair Labor Standards Act, the New York State Labor Laws, and the New York City Relevant Laws, Rules and Regulations…" to show that all FLSA and NYLL claims covered by the Agreement. (Reply at 3.) Plaintiff argues that the Court should find that the arbitration clause is narrow and, that his minimum wage, overtime, spread of hours, and wage theft prevention claims brought pursuant to the FLSA and NYLL do not fall within the scope of the Agreement because they are not discrimination claims, which are the only claims contemplated by the Agreement. (Opp. at 1-5.)

First, the Court must determine whether the arbitration clause at issue is narrow or broad. An arbitration clause is broad if "the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause." Louis Dreyfus, 252 F.3d at 225. An arbitration clause is narrow if the "arbitration was designed to play a more limited role in any future dispute." Id. "Perhaps the most telling clue in this regard is the expansiveness of the arbitration clause's language. Phrases like '[a]ny claim or controversy arising out of or relating to this agreement' or 'all differences arising between the parties to this agreement as to interpretation, application or performance' are classic examples of broad clauses." Ji Dong Cheng, 467 F. Supp. 3d at 51 (internal citations omitted). When "[t]he language of the clause itself is specific to disputes concerning [a definite subject matter], and is not a clause intended to cover all disputes that might arise between the parties," it may properly be characterized as narrow. Duafala v. Globecomm Sys. Inc., 91 F. Supp. 3d 330, 335 (E.D.N.Y. 2015).

The Court finds that the arbitration clause at issue here is narrow. The clause is contained in an agreement that prohibits discrimination. The agreement, entitled "Non-discrimination and Arbitration," lists the types of discrimination that are prohibited and then states that "[a]ll such claims shall be subject to Arbitration." (Agreement.) It is clear that the arbitration clause applies only to discrimination claims and was not meant to cover any dispute between the parties. See Ji Dong Cheng, 467 F. Supp. 3d at 51 ("Because this arbitration clause, present only in the Service Agreement, applies exclusively to disputes regarding the service described in the Service Agreement, it was clearly not meant to 'cover all disputes that might arise between the parties.'").

Second, the Court must determine whether "whether the dispute is over an issue that 'is on its face within the purview of the clause,' or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause." Louis Dreyfus, 252 F.3d at 224 (quoting Rochdale Vill., Inc. v. Pub. Serv. Emp. Union, 605 F.2d 1290, 1295 (2d Cir. 1979)). Here, Defendants argue that Plaintiff's FLSA and NYLL are, on its face, within the purview of the clause. The Court disagrees. The arbitration clause at issue here applies to discrimination claims. Plaintiff is not bringing a discrimination claim. There are NYLL and FLSA claims that would appear to fall within the scope of this arbitration clause because they are retaliation claims— specifically retaliation claims under the NYLL or FLSA, or a claim of pay discrimination under the Equal Pay Act, which is part of the FLSA, see Russell v. Cty. of Nassau, 696 F. Supp. 2d 213, 244 (E.D.N.Y. 2010) ("the Equal Pay Act is codified within the FLSA.")[2]. However, Plaintiff does not raise these claims. Instead, he alleges minimum wage, overtime, spread of hours, and wage theft prevention claims.

With regard to the language stating that: "[t]here shall be no discrimination against

---

[2] An employee who engages in protected activity covered by an anti-retaliation statute has a "characteristic protected by law."

7

[employees] by reason of race, creed, . . . or any other characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act . . . Federal and State Labor Laws," the Court agrees with Plaintiff that the most logical interpretation of this language is that it forbids discrimination under federal and state labor laws—i.e. retaliation or discrimination under the Equal Pay Act.  With regard to the language stating that the arbitrator should apply the appropriate law including the FLSA and NYLL, that language does not mean that all FLSA and NYLL claims are part of this agreement.  Rather, that language simply affirms that that the governing law should be applied to "all such claims" that are subject to arbitration pursuant to earlier provision in the agreement.  The Court finds that Plaintiff's FLSA and NYLL claims are not on their face within the purview of the arbitration clause.  "Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview."  Louis Dreyfus, 252 F.3d at 224. Accordingly, the Court finds that Plaintiff's claims are beyond the purview of the arbitration clause and denies Defendants' motion to compel arbitration and stay the action.

## B. Class Action Waiver

Finally, Defendants ask the Court to "limit the arbitration to Plaintiff's individual claims only" and issue an order compelling arbitration of only Plaintiff's individual claims. (Motion to Compel at 7; Reply at 4.)  Because the Court does not compel arbitration, the Court denies the request to issue an order limiting arbitration to only Plaintiff's individual claims.  Given the procedural posture of this case, the Court does not address the merits of the parties' arguments concerning the class action waiver.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to compel arbitration, stay this proceeding, and limit the arbitration to Plaintiff's individual claims is **DENIED**.

**SO ORDERED.**

Dated: March 10, 2022
      Central Islip, New York

                                              /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE